## Case No. 14,875.
### UNITED STATES v. COULTER.
[1 Cranch, C. C. 203.] [1]
Circuit Court. District of Columbia. Dec. Term, 1804.

DISORDERLY HOUSE—SELLING LIQUOR TO NEGROES —SUNDAY SELLING—LICENSE.

The practice of selling spirituous liquors, in a public manner, to negroes and slaves, assembled in considerable numbers, and suffering them to drink the same in and about the house on the Sabbath, constitutes the offence of keeping a disorderly house, although the owner may have a tavern license

[Cited in State v. Crawford, 28 Kan. 733.]

Indictment for keeping a disorderly house.

Mr. Morsell. for the defendant. contended that a disorderly house is only indictable at common law as a common nuisance, and that actual disorder must be proved. Coulter had a license to keep a tavern; he is only prohibited by statute from selling on Sundays; from dealing with slaves, &c.

Mr. Jones, for the United States. A bawdy-house is indictable as a common nuisance, and yet it is not necessary to prove that any one person has been disturbed by it. The tendency to corrupt the morals makes it a common nuisance.

THE COURT. The license does not authorize the defendant to sell to slaves or negroes on a Sunday; it is therefore no justification as to those facts. The practice of selling spirituous liquors in a public manner to negroes and slaves, assembled in considerable numbers. and suffering them to drink the same in and about the house on the Sabbath, constitutes the offence of keeping a disorderly house.

Verdict guilty. Fined $10.

## Case No. 14,876.
### UNITED STATES ex rel. SISTERS OF CHARITY OF ST. JOSEPH v. COUNTY COURT OF OUACHITA COUNTY.

[Cited in U. S. v. Jefferson Co., Case No. 15,-472. Nowhere reported: opinion not now accessible.]

[1] [Reported by Hon. William Cranch, Chief Judge.]